# EXHIBIT 2

Exhibit 2 - Page 29

JAMES G. MUNISTERI, TX Bar No. 14667380 (pro hac vice application to be filed)
jmunisteri@foley.com
FOLEY & LARDNER LLP
1000 LOUISIANA STREET, SUITE 2000
HOUSTON, TX 77002
TELEPHONE:  713.276.5500
FACSIMILE:   713.276.5555

KEVIN JACKSON, CA Bar No. 278169
kjackson@foley.com
FOLEY & LARDNER LLP
555 SOUTH FLOWER STREET, STE 3300
LOS ANGELES, CA 90071-2418
TELEPHONE: 213.972.4500
FACSIMILE: 213.486.0065

Attorneys for Murchinson Ltd.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLICATION OF MURCHINSON LTD., APPLICANT, FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO TAKE DISCOVERY FOR USE IN A FOREIGN PROCEEDING | Case No. 2:23-mc-00191 <br><br> **DECLARATION OF MARK LICHTENSTEIN IN SUPPORT OF THE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO TAKE DISCOVERY FOR USE IN A FOREIGN PROCEEDING** |

I, Mark Lichtenstein, hereby declare as follows:

1.      I am the General Counsel of Murchinson Ltd. ("Applicant") in the above-captioned matter. I make this declaration in support of Applicant's Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 To Take Discovery for Use in a Foreign Proceeding (the "Application").

2.      Applicant is an investment manager based in Toronto, Canada. Applicant acts as the advisor and subadvisor to certain funds that own a substantial number of shares in Nano Dimension, Ltd. ("Nano").

3.      Nano is an Israeli manufacturing company. Founded in or about 2012, Nano claims to specialize in reinventing analog and manual processes into fast, integrated, digital systems and has been a technological innovator, especially in the 3D printing space. Nano began publicly trading its shares in or about 2014, and was traded on the Tel Aviv Stock Exchange until 2020. Since March 2016, Nano has been trading on NASDAQ through American Depositary Shares. Nano reportedly maintains over one billion dollars in cash and liquidated assets.

4.      Applicant is a party to pending lawsuits involving Nano, including the two in Israel detailed below (the "Foreign Proceedings"). The Foreign Proceedings are the following:

    a.      Case No.: CA 15670-02-23: *Murchinson Ltd. et al. v Nano Dimension Ltd.,* pending in the Central District Court of Lod, before Judge Yael Moshkovich. This proceeding is a civil case. The case involves Nano's decision to register 20% of its share capital concurrently with adopting a poison pill immediately after Murchinson demanded a Special Meeting. This registration process was allegedly undertaken to empower the board of directors to dilute the holdings of Applicant and certain shareholders. As a result, Applicant and other entities filed a lawsuit and requested temporary relief. A hearing was held on the motion. At conclusion of the hearing, the motion was dismissed based

on Nano's declaration that it would not conduct non-routine transactions with its registered shares, as well as Nano's consent not to raise certain claims against the convening of the special meeting. A pre-trial hearing is scheduled for February 14, 2024.

b.  Case No.: CA 70343-08-23: *Murchinson Ltd. et al. v Nano Dimension Ltd. et al.,* pending in the Central District Court of Lod, before Judge Yael Moshkovich. This proceeding is a civil case. The case involves Applicant's claim that Nano, among other improper acts, unlawfully excluded topics from the annual meeting agenda and engaged in vote manipulation and meeting mismanagement, to influence the outcome and entrench the Board and management. As a result, Applicant filed a lawsuit and a motion for a temporary relief. A hearing was held on the motion. After the court expressed its opinion at the hearing that the claims were not unfounded, but that due to their complexity they are more appropriate to be resolved within the framework of the main proceeding and not within the framework of a temporary relief motion, the application was dismissed by agreement of the parties. In view of the war in Israel, the deadline for submitting the defendant's statements of defense was set for January 11, 2024. A pre-trial hearing is scheduled for February 21, 2024.

5.  The Foreign Proceedings relate to shareholder and corporate governance disputes between Applicant and Nano. Applicant also plans to file a shareholder claim on behalf of Nano against members of its management and Board for, among other things, breach of fiduciary duty. The Foreign Proceedings are related to a series of actions that Nano is taking to prevent the interests of shareholders from being advanced. In summary, Applicant asserts in the litigation that Nano and its current board of directors are acting illegally and in bad faith in an effort to fortify their control over the company and dilute Applicant's interest. Applicant expects that the Documents will be useful to the Foreign

3

Proceedings in that they will demonstrate that Nano is improperly entrenching the Board to the detriment of shareholders intended to cause the Applicant to desist from exercising its legitimate shareholder rights.

6.      The documents sought by these requests cannot be obtained in the Foreign Proceedings. First, Donerail is not subject to discovery in Israel. Upon information and belief, Donerail represents that it is based in Los Angeles, California and has no offices or representatives, to my knowledge, in Israel. Second, the war in Israel has affected the Israeli judiciary system and slowed the process for administration of certain cases. Nano has asked for delays based on counsel being called up from the reserves.

7.      Applicant wishes to conduct the requested discovery in order to obtain information from Donerail that may assist the Court in Israel in its ultimate determinations. There is no reason to believe that the Israeli Court would not be receptive to evidence obtained from the United States, provided that the evidence otherwise satisfies the requirements for admissibility under Israeli law.

8.      Donerail is not a participant or party in the Foreign Proceedings.

9.      The discovery sought does not attempt to circumvent any proof-gathering restrictions in the Foreign Proceedings. Donerail is based in California and is not amenable to service in Israel. Therefore, the only available method Applicant has for obtaining the evidence it needs to litigate in the Foreign Proceedings is through this Section 1782 application. Moreover, the discovery sought in the Application does not, to my knowledge, violate any restrictions under Israeli law on evidence gathering.

10.    The Subpoena is narrowly tailored with respect to time period (July 2022 through the present) and subject matter of the requests. The requests should only encompass a defined number of communications that have occurred with Donerail, which is not a shareholder of Nano to my knowledge. In addition, the categories are limited to specific commercial discussions that may have occurred with Nano, such as issuance of securities or other financing, use of Nano's funds for corporate acquisitions, or ongoing events involving Applicant.

11.    Granting the Application is not unfair to Donerail. Donerail will remain able to avail itself of rights under rules applicable to discovery generally (including rules to protect any information that is privileged).

DECLARATION OF MARK LICHTENSTEIN
CASE NO. 2:23-MC-00191
Exhibit 2 - Page 34

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 27, 2023 in Toronto, Ontario.

Mark Lichtenstein

Exhibit 2 - Page 35