| | |
|---|---|
| Marshall L. Baker (SBN 300987)<br>mbaker@akingump.com<br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br>1999 Avenue of the Stars, Suite 600<br>Los Angeles, CA 90067<br>Tel: (310) 229-1000<br>Fax: (310) 229-1001 | Kevin Jackson (SBN 278169)<br>kjackson@foley.com<br>**FOLEY & LARDNER LLP**<br>555 South Flower Street, Suite 300<br>Los Angeles, CA 90071<br>Tel: (213) 972-4500<br>Fax: (213) 486-0065 |
| Douglas Rappaport (*Pro Hac Vice* to be sought)<br>darappaport@akingump.com<br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br>One Bryant Park<br>44th Floor<br>New York, NY 10036<br>Tel: (212) 872-1000<br>Fax: (212) 872-1002 | James G. Munisteri (*Pro Hac Vice*)<br>jmunisteri@foley.com<br>**FOLEY & LARDNER LLP**<br>1000 Louisiana Street, Suite 2000<br>Houston, TX 77002<br>Tel: (713) 276-5500<br>Fax: (713) 276-5555<br><br>Attorneys for Murchinson Ltd. |
| Attorneys for The Donerail Group LP | |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLICATION OF MURCHINSON LTD., APPLICANT FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO TAKE DISCOVERY FOR USE IN A FOREIGN PROCEEDING. | Case No. 2:23-mc-00191-SB-PD<br><br>District Judge: Hon. Stanley Blumenfeld Jr.<br>Magistrate Judge: Hon. Patricia Donahue<br><br>**STIPULATED PROTECTIVE ORDER**[1]<br><br>(PD Version)<br><br>☐ Check if submitted without material modifications to PD form |

---

[1] This Stipulated Protective Order is based substantially on the model stipulated protective order provided under Magistrate Judge Patricia Donahue's Procedures and has been modified based on the nature of this action, which is a 28 U.S.C. §1782 proceeding, and discussions between the parties.

1. **INTRODUCTION**

    1.1    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting litigation related to Nano Dimensions and any related matter the Actions (as defined below) may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 11.3, below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

    1.2    GOOD CAUSE STATEMENT

Petitioner Murchinson Ltd. ("Petitioner") and respondent The Donerail Group LP ("Respondent," and together with Petitioner, the "Parties" and each a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information, which is normally kept confidential, that Respondent may need to disclose in connection with discovery in this action and with the understanding that discovery provided in this action may only be used in adjudicatory proceedings pending before the Central District Court of Lod, before Judge Yael Moshkovich, in Israel, between Petitioner and Nano Dimension Ltd. ("Nano"), *see* Case No. CA 15670-02-23, *Murchinson Ltd et al. v. Nano Dimension Ltd.*, and CA 70343-08-23; *Murchinson Ltd. et al. v. Nano Dimension Ltd. et al*, and any related matter, including before any government agency, court, or tribunal, (the "Foreign Proceedings" and together with this action, the "Actions"). Respondent believes that the

materials to be produced by Respondent in this action are likely to contain information regarding Respondent's confidential business practices and commercial information that is otherwise unavailable to the public, including information relating to Respondent's interactions with Nano.  The purpose of this Order is to protect the confidentiality of such confidential materials as much as practical during the Actions.

**2.   DEFINITIONS**

   2.1   Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

   2.2   "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

   2.3   Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

   2.4   Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

   2.5   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

   2.6   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in the Actions.

   2.7   House Counsel:  attorneys who are employees of a party to the Actions. House Counsel does not include Outside Counsel of Record or any other outside counsel.

   2.8   Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

   2.9   Outside Counsel of Record:  attorneys who are not employees of a party to

the Actions but are retained to represent or advise a party to the Actions and have appeared in the Actions on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.10   Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14   Receiving Party:  a party in the Actions that receives Disclosure or Discovery Material from a Producing Party in this action.

**3.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

**4.   DURATION**

Even after final disposition in the Actions, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition will be deemed to be the later of (1)

dismissal of all claims and defenses in the Actions, with or without prejudice; and (2) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Actions, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards stated in this Order.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires that the Producing Party affix to documents the legend "CONFIDENTIAL" to each page that contains protected material.

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely

correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time within 60 days after receipt of Disclosure or Discovery Material.

6.2 <u>Meet and Confer</u>. The Challenging Party will initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 *et seq*.

6.3 The burden of persuasion in any such challenge proceeding will be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this action only for prosecuting, defending, or attempting to settle the Actions. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When all Actions have been terminated, a Receiving Party must comply with the provisions of Section 12 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in the Actions, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for the Actions;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for the Actions, provided they have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for the Actions and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

(d) this Court, the Israeli court overseeing the Foreign Proceedings, including any appellate court reviewing the Actions, and any court support personnel;

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for the Actions and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g) during their depositions, witnesses, and attorneys for witnesses, in the Actions to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**), unless otherwise agreed by the Designating Party or ordered by this Court or the applicable court overseeing the Foreign Proceedings. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order (unless otherwise ordered by the Court); and

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions in the Actions, provided such person has first signed the "Acknowledgment and Agreement to

Be Bound" (Exhibit A) unless that person is a judicial officer.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Receiving Party must:

(a) If legally permissible, promptly notify in writing the Disclosing Party and its counsel. Such notification will include a copy of the subpoena or court order;

(b) If legally permissible, promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification will include a copy of this Order; and

(c) If legally permissible, cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Receiving Party served with the subpoena or court order will not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Receiving Party has obtained the Designating Party's permission. The Designating Party will bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom

unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**. There shall be no liability for the inadvertent disclosure of documents that are timely recalled within realization of the inadvertent disclosure.

## 10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502(d) and (e), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of any privilege or protection from discovery in this case or in any other federal or state proceeding.

## 11. MISCELLANEOUS

11.1 <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2 <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

11.3 <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 in this Court. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court. For Protected Material sought to be used in any other action, the Protected Material will be filed in accordance with the rules of that Court.

**12.  FINAL DISPOSITION**

Within 60 days after the final disposition of the Actions, as defined in paragraph 4, each Receiving Party must return or destroy all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Upon written request, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) within 30 days that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel and regulatory entities, as required to comply with any applicable legal requirement, are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

*     *     *

Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: May 14, 2024    AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/ *Marshall L. Baker*
Marshall L. Baker
Attorney for The Donerail Group LP

Dated: May 14, 2024    FOLEY & LARDNER LLP

By: /s/ *James G. Munisteri*
James G. Munisteri
Attorney for Murchinson Ltd.

### STATEMENT OF ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: May 14, 2024

/s/ *James G. Munisteri*
James G. Munisteri

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: May 15, 2024

Hon. Patricia Donahue
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *In Re Application Of Murchinson Ltd., Applicant For An Order Pursuant To 28 U.S.C. § 1782 To Take Discovery For Use In A Foreign Proceeding*, 2:23-mc-00191-SB-PD. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

11
EXHIBIT A

4886-1981-0238.2